**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**ELKINS**

**SUSAN ANN SHOULDERS,**

    Plaintiff,

v.                                                                                                    **CIVIL ACTION NO. 2:17-CV-13**
                                                                                                                 **(BAILEY)**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael John Aloi [Doc. 15]. Pursuant to this Court's local rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on January 16, 2018, wherein he recommends that the plaintiff's Motion for Summary Judgment be granted, that the defendant's Motion for Summary Judgment be denied, and that the decision of the Commissioner be vacated and remanded for further proceedings. (Id.). On January 24, 2018, the defendant timely filed objections to the R&R [Doc. 17]. The plaintiff filed her response to objections on January 31, 2018 [Doc. 18]. For the reasons set forth below, this Court adopts Magistrate Judge Aloi's R&R.

**I.**     **BACKGROUND**

On January 22, 2013, plaintiff filed an application for Supplemental Security Income, alleging disability beginning August 17, 2011 [Doc. 7-2 at 16]. The claim was initially denied on July 31, 2013 (Id.), and again upon reconsideration on November 13, 2013 (Id.).

1

The plaintiff then filed a written request for hearing, and later appeared and testified at a hearing on June 17, 2015, in front of Administrative Law Judge ("ALJ") Karen B. Kostol. (Id. at 26). On July 2, 2015, the ALJ entered a decision finding that the plaintiff was not disabled under Section 1614(a)(3)(A) of the Social Security Act. (Id.).

In accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 22, 2013, the application date (20 C.F.R. § 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: history of partial amputation of left 2nd toe and 3rd toe; chronic kidney disease secondary to residual post acute kidney injury with chronic trace lower extremity edema; obesity; major depressive disorder with psychotic features; and generalized anxiety disorder (20 C.F.R. § 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).
>
> 4. The claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 416.967(c) that: requires no climbing ladders, ropes or scaffolds and no more than occasionally climbing ramps or stairs or balancing; avoids concentrated exposure to any hazards such as dangerous moving machinery and unprotected heights; is limited to simple, routine, and repetitive tasks in a low stress job, defined as having only occasional decision making required, occasional changes in the work setting and no strict production quotas; and involves no more than occasional interaction with the general public, co-workers, and supervisors.
>
> 5. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).
>
> 6. The claimant was born on January 27, 1964, and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R. § 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 C.F.R. § 416.964).
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that

the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since January 22, 2013, the date the application was filed (20 C.F.R. § 416.920(g)).

(Id.).

On December 21, 2016, the Appeals Council denied the plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security [Doc. 15 at 2]. On February 17, 2017, the plaintiff filed the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security for denying the plaintiff's claim [Doc. 1]. The R&R recommends that the decision of the Commissioner be vacated and remanded for further proceedings [Doc. 15 at 45].

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See **Webb v. Califano**, 458 F.Supp. 825 (E.D. Cal. 1979). Because the defendant filed timely objections, this Court will undertake a *de novo* review as to those portions of the report and recommendation to which objections were made.

An ALJ's findings will be upheld if supported by substantial evidence. See **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that

which a "reasonable mind might accept as adequate to support a conclusion." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)).

### III. DISCUSSION

In response to the magistrate judge's R&R, the defendant asserts one main objection, with several subparts. The defendant claims that the magistrate judge improperly re-weighed the medical source opinion evidence in contravention of the Act and relevant precedent [Doc. 17]. The defendant's objection quotes *Hailey v. Commissioner*, 284 F. App'x 100, 102-03 (4th Cir. 2008), for the proposition that "[courts] do not undertake to reweigh conflicting evidence." This Court finds, rather, that this case is more akin to *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017), in which the Court reminded the Commissioner that "[a]n ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding."

The issue on appeal in this case is whether the substantial evidence supports the

4

weight given to the opinion of Dr. Muhammad Salman, the plaintiff's treating psychiatrist. The ALJ assigned this opinion "little weight." The entirety of the ALJ's discussion of Dr. Salman is as follows:

> The opinion of Muhammad Salman, M.D., the treating psychiatrist, has been considered but is accorded little weight (Exhibit 18F). Dr. Salman just began treating the claimant in May 2015 and does not have a long treating relationship with her. Further, his opinion of disability is inconsistent with his treatment notes that do not show any significant functional deficits or psychosis (Exhibits 14F and 17F). It is also inconsistent with the consultative examination and her activities of daily living, as noted above. Additionally, the checklist-style form includes only conclusions regarding functional limitations without any rationale for those conclusions, which makes it unpersuasive. The undersigned finds this evidence has no probative value because it is not supported by any objective evidence.

[Doc. 7-2 at 24].

The defendant objects that the magistrate judge improperly re-weighed the medical source opinion evidence in contravention of the Act and relevant precedent. While the defendant correctly states that "[i]t is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence," this has simply not occurred. Without much support, defendant asserts the magistrate judge disregarded the well-reasoned findings of the ALJ and drew his own inferences regarding the medical evidence and Dr. Salman's 2014 opinion after the ALJ explained her reasons for giving that opinion little weight.

Defendant first takes exception to the magistrate judge's finding that plaintiff's "treatment with Dr. Salman was sufficiently long and frequent 'enough [for him] to have

obtained a longitudinal picture of [her] impairment.'" [Doc. 17 at 3, Doc. 15 at 31]. An issue of contention surrounds the ALJ's statement that "Dr. Salman *just began treating the claimant in May 2015* and does not have a long treating relationship with her." [Doc. 7-2 at 24] (emphasis added). No party disputes that treatment actually began in May of 2014; however, the defendant categorizes this as "a harmless typographical error." [Doc. 17 at 3]. This Court is not so sure. This is further compounded by the defendant's mischaracterization of the number of visits to Dr. Salman based on a misunderstanding of fact from a footnote contained in the R&R. See Doc. 17 FN1 (elaborating on facts in *Pridgen v. Colvin*, 2016 WL 4047058, 5-6 (E.D. N.C. 2016)).

To review, 20 C.F.R. § 416.927(c) provides the framework for how medical opinions are weighed:

> *How we weigh medical opinions.* Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion:
>
> > (1) *Examining relationship.* Generally we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> >
> > (2) *Treatment relationship.* Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating

source's opinion on the issue(s) of the nature and severity of your impairment(s) is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

>(i) *Length of the treatment relationship and the frequency of examination.* Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the treating source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a non treating source.
>
>(ii) *Nature and extent of the treatment relationship.* Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and

independent laboratories.

(3) *Supportability*. The more a medical source presents relevant evidence to support an opinion particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.

(4) *Consistency*. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

(5) *Specialization*. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

(6) *Other factors*. When we consider how much weight to give a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion. For example, the amount of understanding of our disability programs and their evidentiary requirements that an acceptable medical source has, regardless of the source of that understanding, and the extent to which an acceptable medical source is familiar with the other information in your case record are relevant factors that we will consider in deciding the weight to give to a medical

opinion.

Having reviewed the framework provided above, this Court finds the ALJ's incorrect finding of a May 2015 beginning treatment date to be of great significance given that it is followed by the ALJ's conclusion that "[Dr. Salman] does not have a long treating relationship with [claimant]." This Court finds the same is neither "harmless" nor is it sure it is simply a "typographical error." The preceding phrase "just began" causes this Court great pause, especially in reference to such an important consideration in determining the amount of weight to give to a treating physician. Accordingly, this Court finds a remand necessary to clarify these inconsistencies.

Next, the defendant asserts the magistrate judge improperly "reweighed the evidence by going through the record and citing alleged 'evidence missed by the ALJ' that supported 'psychotic features' and by dissecting the medical records to see if there was 'evidence to support the ALJ's conclusion that [Dr.] Salman's treatment notes do not support the functional limitations in his form opinion.'" [Doc. 17 at 4, Doc. 15 at 32, 37]. It is quite difficult, however, to reweigh something that does not appear to have been placed on the scale in the first instance.

The standard that a reviewing court will look for simply requires an indication that the ALJ considered the entire record and, unless the reviewing court can find evidence to the contrary, this indication will be affirmed. In other words, if the ALJ states that she considered the entire record in reaching her decision, and the reviewing court cannot find anything to suggest that the ALJ did not consider the entire record in reaching her decision, the fact that the ALJ considered the entire record–i.e. all of the evidence, both agreeable and conflicting–will be taken as true. Whether evidence to the contrary exists is a matter

9

for the reviewing court, not for the ALJ to simply declare unchecked.

Here, while defendant asserts the evidence was considered, the ALJ's conclusion is belied by the record. This Court simply cannot reconcile the ALJ's conclusion that "treatment notes [] do not show any significant functional deficits or psychosis" where, among others, a May 2015 treatment note describes plaintiff experiencing visual hallucinations of her son and the police coming in [Doc. 7-19 at 3].

Defendant next asserts that the ALJ's findings were sufficient insofar as she found Dr. Salman's opinion was inconsistent with Dr. Morgan's consultative examination. Despite the defendant's assertion that the ALJ "explained why," this Court has reviewed the same and finds this portion of the ALJ's opinion to be conclusory and incapable of meaningful review.

Defendant also states that "the ALJ explained that Dr. Salman's opinion was also inconsistent with the state agency physicians' opinions that plaintiff was no more than moderately limited in social functioning and concentration, persistence, and pace." [Doc. 17 at 5]. First, this Court finds no such explanation contained in the ALJ's opinion. Second, the Court cannot conduct meaningful review of this conflict given the assignment of little weight to Dr. Salman's opinion versus the "great weight" the ALJ assigned the state agency physicians' opinions.

Finally, the defendant objects that "the [R&R] states that the ALJ selectively characterizes claimant's daily activities in a manner that makes them appear more favorable to a finding of non-disability . . . . But, the ALJ explained that Dr. Salman's opinion was inconsistent with plaintiff's reported activities of daily living . . .." [Doc. 17 at 5-6]. This Court finds rather that this is an instance in which the Court is reminding the Commissioner

that an ALJ cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. **Lewis v. Berryhill**, 858 F.3d 858, 869.

The standard applied by the magistrate judge in his R&R is the correct standard. "Judicial review of a final decision regarding disability benefits under the Social Security Act . . . is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." **Hays**, 907 F.2d at 1456. The standard requires a determination of whether the decision reached by the ALJ is supported by substantial evidence found in the record. Implicit in this standard is that evidence conflicting with the ALJ's decision must not outweigh evidence supportive of the ALJ's decision. Should this Court determine that an excessive amount of conflicting evidence exists in the record that the ALJ did not sufficiently address in his opinion, "evidence to the contrary" exists, and this Court cannot accept the ALJ's contention that he considered the entire record. As such, the ALJ's findings will be upheld if supported by substantial evidence, which is evidence that a reasonable mind might accept as adequate to support a conclusion. See **Milburn**, 138 F.3d at 528; **Hays**, 907 F.2d at 1456. This Court's function is to examine the ALJ's decision and determine whether substantial evidence exists in the record to support the same. Analyzing the purported weight given to the evidence is part of the inquiry.

As such, this Court finds that Magistrate Judge Aloi correctly recommended remand of the matter for correction of these errors—however, in adopting this R&R and remanding the matter for correction of these errors, this Court does not express an opinion upon the

ultimate outcome of this matter.

## IV. CONCLUSION

Upon careful consideration of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further, the plaintiff's Objections **[Doc. 17]** are **OVERRULED**. Thus, the defendant's Motion for Summary Judgment **[Doc. 13]** is **DENIED**, and the plaintiff's Motion for Summary Judgment **[Doc. 9]** is **GRANTED**. In addition, the Motion to Stay **[Doc. 16]** is **MOOT**.

Accordingly, the decision of the Commissioner is hereby **VACATED**, and this matter is **REMANDED** for further proceedings consistent with this opinion.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: March 22, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE